**SO ORDERED: June 27, 2006.**



**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| PEGGY L. EDMONDS, | ) | Case No. 05-04733-BHL-7 |
|     Debtor. | ) | |
| _____ | ) | |
| NANCY J. GARGULA, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
|     v. | ) | Adv. No. 05-443 |
| | ) | |
| PEGGY L. EDMONDS, | ) | |
|     Defendant | ) | |
| _____ | ) | |

**ORDER**

    This matter came before the Court for trial on the Plaintiff's **Amended Complaint to Revoke Discharge** which was filed on December 13, 2005. The Court, having considered the Amended Complaint, the pleadings of record, and the testimony and evidence presented at trial, finds that the Trustee's request for revocation of discharge should be, and therefore is, **DENIED**, in accordance with the attached Memorandum.

**MEMORANDUM**

The facts giving rise to the instant dispute are fairly straightforward and are set forth in the underlying Complaint as follows:

1.  On July 8, 2005, the First Meeting of Creditors was held and the Chapter 7 Panel Trustee, Rex Joseph ["Joseph"] examined the Defendant, Peggy Edmonds ["Edmonds"] under oath. Joseph asked Edmonds if she had listed all of her property and she responded "yes."

2.  On July 12, 2005, the deadline in which to file an objection to discharge expired.

3.  On July 19, 2005, Joseph was contacted by Indianapolis attorney Adam Lankowski ["Lankowski"], who advised Joseph that he was Edmonds' attorney for a malicious prosecution claim against Pike Township Schools and one of its principals. That case, 49D10-0405-CT-000994, was filed in May of 2004. That cause of action was not listed on Edmonds' Schedule B.

4.  On August 2, 2005, this Court entered a discharge for Edmonds.

5.  Pursuant to 11 U.S.C. § 727(e), the United States Trustee may request a revocation of discharge under 11 U.S.C. § 727(d)(1) within one year after discharge is granted. That statute provides that a debtor's discharge shall be revoked if that discharge was obtained through the fraud of the debtor, and the requesting party did not know of the fraud until after the granting of such discharge.

Discussion

The burden is on the creditor or trustee to diligently investigate the facts prior to discharge, especially after having been put on notice of possible fraud. *See, Mid-Tech Consulting, Inc. v. Swendra,* 938 F.2d 885, 888 (8th Cir. 1991); *In re Jones*, 71 B.R. 682, 685 (S.D.Ill. 1987); *Continental Builders v. McElmurry*, 23 B.R. 533, 536 (W.D.Mo. 1982); *In re Kaliana,* 202 B.R. 600

(Bankr.N.D.Ill. 1996); *In re Cochard*, 177 B.R. 639, 643 (Bankr.E.D.Mo. 1995); *In re Richard,* 165 B.R. 642, 643 (Bankr.W.D.Ark 1994); *In re Arianoutsos*, 116 B.R. 116 (Bankr.N.D.Ill. 1990); *Bear Stearns & Co. v. Stein (In re Stein)*, 102 B.R. 363, 368 (Bankr.S.D.Fla. 1988); *Chambers v. Benak (In re Benak)*, 91 B.R. 1008, 1009-10 (Bankr.S.D.Fla. 1988). In *Swendra,* the Court went on to state that "[b]y placing this burden on the creditor, we ensure that situations such as the one before us will be avoided in the future. . . . Instead of thoroughly investigating [the alleged fraud] and then promptly bringing any fraud to the bankruptcy court's attention, Mid-Tech waited until after discharge. In seeking to revoke the discharge in a separate proceeding when the matter could have been handled before discharge in the original bankruptcy case, Mid-Tech has squandered the resources of the parties and of the courts." 938 F.2d at 888.

In *Arianoutsos*, in considering the "did not know" standard, the bankruptcy court observed that "[m]any courts have held that the creditor or the trustee must show, not only that it did not know, but also that it could not have known of the debtor's fraud prior to discharge" 116 B.R. at 118 (*citations omitted)*. In one particular case cited by the court, the creditor could have obtained specific information concerning the debtor's interest if he had attended and asked questions at the § 341 meeting but he failed to do so. Thus the court held that the creditor could not obtain revocation of the debtor's discharge based on information it could have discovered before the discharge was granted, had the creditor been diligent. *Id.* (*citing In re Stein*, 102 B.R. at 368). Ultimately, that court concluded that the creditor "should" have known that the schedules might be false.

In this case, the Debtor filed her Chapter 7 petition without the benefit of counsel. During the course of the 341 examination, Joseph pointed out to Edmonds that she put herself at a huge disadvantage by failing to have counsel. Joseph, pointing out the inadequacies in Edmonds' petition,

3

advised her as follows:

> Since you didn't claim anything as exempt, I'm entitled to ask for, I want all your clothing, I want all the household goods and I want the one hundred dollars. I'm absolutely entitled to get it. If I don't get it from you, I'm absolutely entitled to ask the judge to dismiss your bankruptcy, and the judge will do that.

Joseph concluded his 341 exam as follows:

> What I want you to know, and I'll put this on the record, I'm going to move to dismiss your bankruptcy because there has not been an exemption of the personal property and you're not willing to surrender it over to me and, therefore, I'm going to ask the Court to dismiss the bankruptcy. We'll let the judge make the decision. Thank you very much. That does it, five after four on the 8th of July, conclude our first meeting of creditors.

At the time, therefore, Edmonds fully anticipated that her bankruptcy was going to be dismissed. She had no incentive to amend her petition and, of course, she did not do so. By the same token, however, neither did Joseph move to dismiss her bankruptcy. Instead, Joseph received a phone call advising him that Edmonds was involved in a lawsuit which she failed to reveal on her schedules. The deadline for filing an objection to discharge having passed, Joseph allowed the discharge to be entered, and this adversary proceeding was filed almost three months after the conclusion of the 341 hearing.

The Court then, returning to the question of whether the Trustee has shown "proper diligence" in attempting to discover the necessary facts before discharge, must conclude that he did not. The Court does not mean to imply that a trustee must suspect every debtor is committing fraud when his schedules are inartfully prepared. As a general rule, the trustee is entitled to rely on the truthfulness and accuracy of the debtor's schedules and is not required to assume that the debtor is lying. *Anderson v. Vereen (In re Vereen)*, 219 B.R. 691, 696 (*citations omitted*). In this case, however, the inaccuracy of the schedules was patently obvious to the Trustee. More importantly,

4

the Trustee was put on notice of a possible fraudulent concealment prior to the time the discharge was entered.

*Pro se* debtors can create challenges for all regular participants in the bankruptcy system, including clerks, trustees, and judges. While certain rules must be followed to navigate through the system, and the professionals must enforce those rules, certain accommodations are also required. The forms and process are confusing to non-professionals and deficiencies must be explained with more clarity and less emotion than this record reflects. From this transcript, it is no clearer that Edmonds intended to conceal a lawsuit than it is that she intended to surrender her clothing to the Trustee.

The Court is of the firm conviction that the inadequacies in Edmond's petition reflect inexperience as opposed to willful concealment. Joseph never specifically asked Edmonds if she was a party to any lawsuits at or prior to the time of filing. Because Joseph had already decided that the petition would have to be dismissed, he neglected to give it a thoughtful review. And while dismissal of the petition may have been appropriate at the time, the Court does not find sufficient justification for revocation of the discharge based upon circumstances herein. The Trustee's Amended Complaint for Revocation of Discharge is, accordingly, **DENIED**.

**IT IS SO ORDERED.**

###

Distribution:

Plaintiff

Defendant